UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: R & W CLARK CONSTRUCTION, INC., <br><br> Debtor, <br><br> CHICAGO & VICINITY LABORERS' DISTRICT COUNCIL PENSION PLAN, et al., <br> Plaintiff-Appellants, <br><br> v. <br><br> R & W CLARK CONSTRUCTION, INC., <br><br> Defendant-Appellee. | No. 24 CV 1463 <br><br> Judge Manish S. Shah |

MEMORANDUM OPINION AND ORDER

Plaintiffs are multiemployer benefit plans under the Employee Retirement Income Security Act, affiliated with the Laborers' International Union of North America, along with the fiduciary administrator of the plans. The bankruptcy court dismissed plaintiffs' adversary complaint against defendant-debtor R & W Clark Construction, and they now appeal. For the reasons discussed below, the bankruptcy court's decision is reversed and the matter is remanded to the bankruptcy court for proceedings consistent with this opinion.

I. **Jurisdiction and Legal Standards**

I have jurisdiction to hear appeals from final judgments of a bankruptcy court. 28 U.S.C. §§ 158(a)(1), 1334. The "final disposition of any adversary proceeding" is a final judgment appealable to the district court. *Zedan v. Habash*, 529 F.3d 398, 402

(7th Cir. 2008) (collecting cases). This includes a dismissal of an adversary complaint objecting to a debtor's discharge. *Id.* at 403.

I review the bankruptcy court's legal conclusions de novo. *Fliss v. Generation Cap. I, LLC (In re Fliss)*, 87 F.4th 348, 353 (7th Cir. 2023). Federal Rule of Civil Procedure 12(b)(6) is applicable in bankruptcy proceedings through Federal Rule of Bankruptcy Procedure 7012(b). S*ee Village of Rosemont v. Jaffe*, 482 F.3d 926, 936 (7th Cir. 2007) (applying Fed. R. Civ. P. 12(b)(6) standards in reviewing the bankruptcy court's decision to grant a motion to dismiss an adversary proceeding). To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are insufficient. *Id.* At this stage, I accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff-appellants' favor. *Id.*

## II. Background

Plaintiffs are multiemployer benefit plans under the Employee Retirement Income Security Act of 1974. [5-1] ¶ 3.[1] Defendant R & W Clark Construction is an Illinois corporation and employer as defined under ERISA and the Labor Management Relations Act of 1947. [5-1] ¶ 5.

---

[1] Bracketed numbers refer to entries on the district court docket. Referenced page numbers are taken from the CM/ECF header placed at the top of filings. The facts are taken from plaintiff's complaint, attached to the plaintiff-appellants' appendix, starting at page 8. [5-1].

In 2016, the plans filed suit against R & W Clark and its owner, Richard Clark, for failure to pay benefit contributions in violation of ERISA, failure to collect dues in violation of the Labor Management Relations Act, and fraud. *Laborers' Pension Fund v. R & W Clark Construction, Inc.*, No. 16 C 06885, 2021 WL 1172698, a t *1 (N.D. Ill. Mar. 29, 2021). [5-1] at 19. The court entered summary judgment against R & W Clark and Richard Clark for $3,155,476.07 on the first two claims. *Id.* [5-1] ¶ 19.

R & W Clark filed for Chapter 11 bankruptcy in March 2023. It proceeded under Chapter 11 Subchapter V, which set forth streamlined bankruptcy procedures for small business debtors whose debt was less than $7.5 million. *See* 11 U.S.C. § 1181 et seq., Pub. L. No. 116-54, § 2(a), 133 Stat. 1079 (2019); 11 U.S.C. § 1182, Pub. L. No. 116-136, Div. A, Title I, § 1113(a)(1), (5), 134 Stat. 281, 310–11 (2020); *Avion Funding v. GFS Indus., LLC (In re GFS Indus., LLC)*, 99 F.4th 223, 227 (5th Cir. 2024). In response, the plans filed an adversary complaint, requesting a judgment that the debt to the plans could not be discharged in any reorganization plan approved for R & W Clark. [5-1] ¶ 31. The plans pleaded three counts, claiming there were three applicable exceptions barring R & W Clark from discharging its debt to the plans: (1) debt for money that was obtained by false pretenses, false representation, or actual fraud (11 U.S.C. § 523(a)(2)(A)), [5-1] ¶ 26–31; (2) debt for money that was obtained by a materially false written statement about the debtor's financial condition that the debtor intended to, and did, deceive the creditor (11 U.S.C. § 523(a)(2)(B) , [5-1] ¶ 32–34; and (3) debt for willful and malicious injury by the debtor to another entity or its property (11 U.S.C. § 523(a)(6)). [5-1] ¶ 35–39.

R & W Clark moved to dismiss the complaint, arguing that non-dischargeability under section 523(a) of the Bankruptcy Code applies only to individuals, not corporations. The bankruptcy court agreed. *Chi. & Vicinity Dist. Council Laborers' Welfare Plan v. R & W Clark Construction, Inc.* (*In re R & W Clark Construction, Inc*), 656 B.R. 628, 631 (Bankr. N.D. Ill. 2024). The court found that because "nondischargeability under section 523(a) applies only to individuals," the section does not apply to R & W Clark, which is a corporation. *Id.* at 633, 638. The bankruptcy court dismissed the complaint with prejudice for failure to state a claim upon which relief can be granted. *Id.* at 638.

**III. Analysis**

    **A. Chapter 11 of the Bankruptcy Code and the Small Business Reorganization Act of 2019**

A business may file for bankruptcy under Chapter 11 of the Bankruptcy Code. *Czyzewski v. Jevic Holding Corp.*, 580 U.S. 451, 455 (2017). Through Chapter 11, "debtor and creditors try to negotiate a plan that will govern the distribution of valuable assets from the debtor's estate and often keep the business operating as a going concern." *Id.* The Bankruptcy Code sets forth a "basic system of priority, which ordinarily determines the order in which the bankruptcy court will distribute assets of the estate." *Id.* at 457.

Part of this priority scheme is that creditors are "entitled to full payment before equity investors can receive anything." *In re Castleton Plaza, LP*, 707 F.3d 821, 821 (7th Cir. 2013) (citing 11 U.S.C. § 1129(b)(2)(B)(ii)). This known as the "absolute priority rule." *Id.*; *see also Wilkow v. Forbes, Inc.*, 241 F.3d 552, 554 (7th Cir. 2001).

4

A bankruptcy court cannot confirm any plan that violates this system of priority over the objection of an impaired class of creditors.[2] 11 U.S.C. § 1129(b)(2)(B)(ii); *Wilkow*, 241 F.3d at 554. "In other words, creditors may insist on priority of payment: secured creditors must be paid in full before unsecured creditors retain any interest, and unsecured creditors must be paid off before equity holders retain an interest." *Wilkow*, 241 F.3d at 554. This means that owners of a business filing for bankruptcy cannot retain their interest in the business unless the objecting class of creditors is paid in full. *See Czyzewski*, 580 U.S. at 457.

Subchapter V in the Small Business Reorganization Act of 2019 was passed to "streamline the bankruptcy process by which small businesses debtors reorganize and rehabilitate their financial affairs." H.R. Rep. No. 116-171, at 366 (2019); 11 U.S.C. § 1181 et seq. A "small business debtor," at the time relevant here, was an individual or corporation engaged in a commercial business activity with less than $7.5 million in debt. 11 U.S.C. § 1182, Pub. L. No. 116-136, Div. A, Title I, § 1113(a)(1), (5), 134 Stat. 281, 310–11 (2020)[3]; 11 U.S.C. § 101(41).

---

[2] An "impaired" creditor is one whose claims or interests are "impaired under a plan." 11 U.S.C. § 1124; *In re Woodbrook Assocs.*, 19 F.3d 312, 321 n.10 (7th Cir. 1994) (quoting *Windsor on the River Assocs., Ltd. v. Balcor Real Est. Fin., Inc. (In re Windsor on the River Assocs., Ltd.)*, 7 F.3d 127, 130 (8th Cir. 1993)) ("A class is impaired if there is 'any alteration of a creditor's rights, no matter how minor.'").

[3] Effective June 21, 2024, "small business debtor" is now solely defined in the "definitions" section of the Bankruptcy Code. 11 U.S.C. § 101(51D), Pub. L. No. 117-151, § 2(a), 136 Stat. 1298 (2022). The only change in the definition is the amount of debt held by a debtor, which must be less than $3,024,725. § 101(51D). Section 1182 now defines "debtor" as a "small business debtor." 11 U.S.C. § 1182(1), Pub. L. No. 117-151, § 2(d), (i)(1)(B), 136 Stat. 1298, 1300 (2022).

There are several advantages for small business debtors under the act. For example, reorganization "should be less expensive because certain administrative expenses" normally incurred in a chapter 11 case have been removed. William L. Norton III & James B. Bailey, *The Pros and Cons of the Small Business Reorganization Act of 2019*, 36 Emory Bankr. Dev. J. 383, 383 (2020). It's also easier retain counsel; only a debtor can file a plan; the debtor is not required to file a separate disclosure statement along with the plan; voting is not necessary to confirm a plan; and after confirmation, only the debtor can modify the plan. *Id.* at 384–86 (citing 11 U.S.C. §§ 1195, 1189(a), 1191(b), and 1193). And importantly—"the most significant advantage for debtors," *id.* at 384—the absolute priority rule does not apply. 11 U.S.C. § 1181(a). A bankruptcy court can approve a plan with objecting creditors, a "nonconsensual" plan, if it finds the plan provides (1) that all the debtor's projected disposable income is paid to creditors for a three- to five-year period, and (2) that the debtor "will be able to make all payments under the plan." 11 U.S.C. § 1191(c)(2)(A) and (c)(3). This allows subchapter V debtors to "retain their equity in the bankruptcy estate despite creditors' objections." *In re Cleary Packaging, LLC*, 36 F.4th 509, 514 (4th Cir. 2022).

Subchapter V also sets out new rules for the discharge of debts under nonconsensual plans: the court shall grant the debtor a discharge of all debts after the three- to five-year period if the debtor has completed all payments. 11 U.S.C. § 1192. There are two exceptions: (1) for any debt "on which the last payment is due after the first 3 years of the plan, or such other time not to exceed 5 years fixed by

6

the court" and (2) for any debt "of the kind specified in section 523(a) of this title." § 1192. The second exception is at issue here.

### B. Section 1192(2) and Section 523(a)

The plans sought a declaratory judgment that any debt owed to them by R & W Clark could not be discharged under § 1192 pursuant to § 523(a)(2)(A) and (B) and (a)(6). Section 523(a) lists various types of non-dischargeable debts, including debts "obtained by false pretenses, a false representation, or actual fraud," 11 U.S.C. § 523(a)(2)(A); debts "obtained by use of a statement in writing (i) that is materially false; (ii) respecting the debtor's or an insider's financial condition; (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and (iv) that the debtor caused to be made or published with intent to deceive," § 523(a)(2)(B); and debts for "willful and malicious injury by the debtor to another entity or to the property of another entity." § 523(a)(6).

The plans allege that R & W Clark intentionally submitted false benefit reports to the plans and the Laborers' International Union of North America, underreporting the hours worked by covered employees, and in turn not paying benefits or dues for the unreported hours. [5-1] ¶¶ 13–16, 28. The plans also allege that R & W Clark withheld information about company assets and earnings after it received a citation to discover assets and used the concealed money to pay for ordinary business expenses in violation of the citation. [5-1] ¶¶ 20–22, 29–30. The plans contend the debt owed was a result of fraud and cannot be discharged under § 523(a)(2)(A). [5-1] ¶ 31. The plans also assert that they relied to their detriment on the false reports

7

submitted by R & W Clark. [5-1] ¶ 34. In submitting false reports, the plans spent more money on audits, had inaccurate records of their members' hours, which could affect their eligibility for benefits, and lost money that should have been used for payment of benefits to beneficiaries. [5-1] ¶ 34. The plans argue the intentional submission of false written benefit reports relied on to the detriment of the plan and its beneficiaries created the kind of debt described in § 523(a)(2)(B). [5-1] ¶ 34. Finally, the plans allege that R & W Clark willfully and maliciously failed to report and pay benefit contributions and union dues, knowing that underpaying by almost $2 million in principal contributions would injure the plans and the union. [5-1] ¶¶ 37–39. This, the plans argue, is a debt described in § 523(a)(6). [5-1] ¶ 39.

The trouble comes in § 523(a)'s preamble: "A discharge under section 727, 1141, 1192, 1228(a), 1228(b), or 1328(b) of this title does not discharge *an individual debtor* from any debt—" § 523(a) (emphasis added). There is a split in the courts on how to interpret this provision in connection with § 1192(2)'s discharge exception for any debt "of the kind specified" in § 523. The Seventh Circuit Court of Appeals has not yet addressed this question. The two circuits that have addressed the issue—the Fourth and Fifth—have both held that the plain language of § 1192(2) "subjects both corporate and individual Subchapter V debtors to the categories of debt discharge exceptions listed in § 523(a)." *GFS Indus., LLC*, 99 F.4th at 232; *Cleary*, 36 F.4th at 517–18.[4] The *Cleary* court found the word "debt" is "decisive, as it does not lend itself

---

[4] This issue is currently before the Eleventh Circuit in *BenShot, LLC v. 2 Monkey Trading, LLC*, No. 23-12342 (11th Cir. filed July 19, 2023).

8

to encompass the 'kind' of *debtors* discussed in the [preamble] language of § 523(a)." *Cleary*, 36 F.4th at 515 (emphasis in original). Instead, the combination of "debt" and "of the kind" "indicates that Congress intended to reference only the *list of non-dischargeable debts* found in § 523(a)." *Id.* (emphasis in original). The Fifth Circuit echoed this reasoning: "the most natural reading of § 1192(2) is that it subjects both corporate and individual Subchapter V debtors to the categories of debt discharge exceptions listed in § 523(a)." *GFS Indus.*, 99 F.4th at 228. As the Fourth and Fifth Circuits read it, the reference to § 523(a) in § 1192(2) serves as "a shorthand to avoid listing all 21 types of debts" in § 523(a), which would have added "several additional pages to the U.S. Code." *Id.* at 228–29 (quoting *Cleary*, 36 F.4th at 515).

On the other hand, the Bankruptcy Appellate Panel of the Ninth Circuit held that "§ 1192 does not make debts specified in § 523(a) applicable to corporate debtors in subchapter V." *Lafferty v. Off-Spec Sols., LLC (In re Off-Spec Sols., LLC)*, 651 B.R. 862, 873 (B.A.P. 9th Cir. 2023). The *Off-Spec* court reasoned that "section 523(a) unambiguously applies only to individual debtors," and that "nothing in § 1192 obviates the express limitation in the preamble of § 523(a) or otherwise expands its scope to corporate debtors." *Id.* at 867. Additionally, in passing the Small Business Reorganization Act, Congress amended § 523(a) to include § 1192 in its preamble. If § 523(a)'s preamble—limiting the exceptions to discharge to individual debtors— didn't apply to § 1192 debtors, the reference to § 1192 in the preamble would be surplusage. *Id.*

9

In chapter 11 of the Bankruptcy Code, Congress eliminated exceptions to discharge for corporate debtors. *Id.* at 868. It then limited corporate discharge only once by enacting § 1141(d)(6) which took eight years to become law. *Id.* at 868–69. The court decided that Congress would not incorporate "19 new exceptions for small corporations" into a bill introduced and signed all within a month. *Id.* at 869.

In granting R & W Clark's motion to dismiss, the bankruptcy court found the 9th Circuit Bankruptcy Appellate Panel's decision in *Off-Spec* more convincing than the Fourth Circuit's opinion in *Cleary*.[5] *R & W Clark*, 656 B.R. at 635, 637. The bankruptcy court found persuasive that every court aside from *Cleary* had held the same as the *Off-Spec* panel. *Id.* at 635. It found the *Cleary* court "create[d] more problems for the statutes in question than it solves," and that "had Congress the intent projected on it by the Fourth Circuit, there were countless clearer and simpler ways to achieve that end." *Id.* at 637. The bankruptcy court found that "[t]here is no reasonable reading of the language that results in the conclusion that its intent is anything other than to reiterate what Congress had already written in section 523(a)—something Congress had done throughout the Bankruptcy Code." *Id.* The court reasoned that when a statute varies from an "accumulated settled meaning" in common law, Congress must be "unmistakably clear" in its intent to do so, and that "[w]hile these rules may not directly apply to a statutory change that upsets the existing scheme of the statute, they should." *Id.* Ultimately, the court found that the "better reading of sections 1192(2) and 523(a) is that Congress did not through

---

[5] *GFS Industries* had not yet been decided.

10

inartful language attempt to upset the existing, fundamental nature of either chapter 11 or the Bankruptcy Code as a whole." *Id.* As a result, it held that § 1192(2)'s exceptions do not apply to corporate debtors and dismissed the adversary complaint. *Id.* at 637–38.

In statutory interpretation, I "start with the text of the statute to ascertain its plain meaning." *United States v. Melvin*, 948 F.3d 848, 851 (7th Cir. 2020) (quoting *Jackson v. Blitt & Gaines, P.C.*, 833 F.3d 860, 863 (7th Cir. 2016)). "If the statutory language's plain meaning is unambiguous, our inquiry ends there." *Id.* at 852. I cannot "ignore the unambiguous language of the statute in order to further Congress's expressed purpose in enacting the statute." *Shlahtichman v. 1-800 Contacts, Inc.*, 615 F.3d 794, 802 (7th Cir. 2010).

Both parties agree that the language of the statute is unambiguous. [5] at 26 n.9; [13] at 18. The plans argue that the plain language of § 1192 provides for the discharge of "the debtor," which may be either an individual or corporate debtor, and nothing in that section limits the exceptions to discharge in § 523(a) to individual debtors. [5] at 24–25. R & W Clark argues that the language is just as plain the other way: § 523(a)'s preamble references § 1192 and expressly limits the exceptions to individual debtors, thus preserving the general rule that corporate debts are discharged without exception. [13] at 17.

I agree that the language is unambiguous. Section 1192(2) grants a debtor, either individual or corporate, discharge of all debts except for debts "of the kind specified in section 523(a)." 11 U.S.C. § 1192(2); 11 U.S.C. § 1182(1)(A) ("debtor"

11

means "a person engaged in commercial or business activities"); 11 U.S.C. § 101(41) ("person" includes both individuals and corporations). The question is whether the preamble in § 523(a) is inseparable from the list of types of debt that follows in subsections (a)(1) through (20). In other words, does § 523(a) only specify kinds of debt for individual debtors?

The Bankruptcy Code defines "debt" as "liability on a claim." 11 U.S.C. § 101(12). A claim is a "right to payment." 11 U.S.C. § 101(5)(A). The Code separately defines "consumer debt" as "debt incurred by an *individual* primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8) (emphasis added). At the time the petition in this case was filed, "small business debtor" was defined as a person—individual or corporate—who has "aggregate noncontingent liquidated secured and unsecured debts as of the date of the filing of the petition or the date of the order for relief in an amount not more than $7,500,000." 11 U.S.C. § 1182, Pub. L. No. 117-151, § 2(d), (i)(1)(B), 136 Stat. 1298, 1300 (2022). The general term "debt" is not different for individual and corporate debtors, and Congress has enacted separate definitions for certain debts that apply only to individuals.

Congress has also indicated that there is no difference between individual debt and corporate debt, only individual and corporate debtors. For example, section 1141 of the Bankruptcy Code sets forth separate rules for corporations and individuals in confirming a chapter 11 reorganization plan. Once a plan has been confirmed, an individual is not discharged of "any debt excepted from discharge under section 523." 11 U.S.C. § 1141(d)(2). Corporations are not discharged from any debt "*of a kind*

12

specified in paragraph (2)(A) or (2)(B) of section 523(a)." 11 U.S.C. § 1141(d)(6)(A) (emphasis added). The preamble of § 523(a) references § 1141 and did so before subsection (d)(6) was added to exclude certain types of debt from corporate discharge. *See* 11 U.S.C. § 1141, Pub. L. No. 109-8, Title VII, § 708, Title XV, § 1501, 119 Stat. 126, 216 (2005); 11 U.S.C. § 523, Pub. L. No. 95-598, 92 Stat. 2549 (1978). The preamble was not changed to address the corporate debtor discharge exception despite its ostensible reference to the whole of § 1141. And the addition of the "of a kind" language indicates Congress intended to treat the paragraphs of § 523(a) as types of debt applicable to all debtors.

Even before the Small Business Reorganization Act, Congress applied parts of § 523(a) to corporate debtors, even though the preamble limits the exceptions to individual debtors. The language of the Bankruptcy Code thus confirms that kinds of debt are distinct from kinds of debtors, and the preamble does not create a separate type of "individual debt" inapplicable to corporations. When § 1192 refers to the kinds of debt specified in § 523(a), it is referring to the enumerated debts, not the preamble's reference to types of debtors. *See Cohen v. de la Cruz*, 523 U.S. 213, 220 (1998) ("[E]ach use of 'debt for' in § 523(a) serves the identical function of introducing a category of nondischargeable debt.").

If the paragraphs in § 523(a) are different types of debt that may be held by both corporations and individuals, then § 1192(2)'s reference to the "kind of debt specified in section 523(a)," refers to those paragraphs. *See Cleary*, 36 F.4th at 515 (finding that referring to the "kind of debt" listed in § 523 was Congress's shorthand

13

"to avoid listing all 21 types of debts"); *GFS Indus.*, 99 F.4th at 228 ("Section 523 enumerates 21 categories or 'kinds' of non-dischargeable debts."). The § 1192(2) discharge provision applies equally to individual and corporate small-business debtors.

This conclusion is bolstered by how bankruptcy courts have interpreted chapter 12 discharge proceedings. The language in subchapter V is nearly identical to the language in "conceptually similar" chapter 12 proceedings. *Cleary*, 36 F.4th at 516; *see also In re Trepetin*, 617 B.R. 841, 848 (Bankr. D. Md. 2020) ("Several aspects of Subchapter V are premised on the provisions of chapter 12 of the Code for family farmers and fishermen."). Chapter 12 applies to "family farmers" or "family fisherman," which are individuals or corporations that own smaller farms, much like small business debtors. 11 U.S.C. § 101(18), (19A). Chapter 12 discharge proceedings are "virtually identical" to discharge proceedings under § 1192. *See* 11 U.S.C. § 1228(a); *GFS Indus.*, 99 F.4th at 230. A court shall grant a chapter 12 debtor a "discharge of all debts… except any debt… of a kind specified in section 523(a) of this title." 11 U.S.C. § 1228(a)(2). Section 523(a) includes § 1228(a) in its preamble. Bankruptcy courts applying chapter 12 bankruptcy procedures nevertheless have construed the scope of this exception to discharge to include both individual *and* corporate debtors. *See New Venture P'Ship v. JRB Consol., Inc. (In re JRB Consol., Inc.)*, 188 B.R. 373, 374 (Bankr. W.D. Tex. 1995); *Sw. Ga. Farm Credit, Aca v. Breezy Ridge Farms, Inc. (In re Breezy Ridge Farms, Inc.)*, Bankr. No. 08-12038-JDW, 2009 WL 1514671, at *2–3 (Bankr. M.D. Ga. May 29, 2009).

14

In *JRB Consolidated*, the corporate debtor moved to dismiss a creditor's complaint objecting to the dischargeability of its debt under § 523(a)(2) and (6). *JRB Consol.*, 188 B.R. at 373. The bankruptcy court found that the wording in § 1228(a)(2) "describing 'debts of the kind' specified in § 523 does not naturally lend itself to also incorporate the meaning 'for debtors of the kind.'" *Id.* at 374. Instead, debts "of the kind easily seems to be limited to the subparagraphs of § 523(a) which identify the types of debt which are eligible to be excepted from discharge." *Id.* Section 1228(a) did not specify between individual and corporate debtors and includes its own definition of debtors which means both individuals and corporations. *Id.* The court did not believe the term "of a kind" incorporated "the limiting definition" in § 523(a)'s preamble. *Id.*

The language in § 1192(2) is "virtually identical" to the language in chapter 12.[6] Generally, "[i]dentical words or phrases used in different parts of the same statute (or related statutes) are presumed to have the same meaning." *Servotronics, Inc. v. Rolls-Royce PLC*, 975 F.3d 689, 694–95 (7th Cir. 2020). "To give different interpretations to the same language in the same statute would ignore the rationality of using the same language in describing a different proceeding of the Bankruptcy Code, as was done with the adoption of Subchapter V." *Cleary*, 36 F.4th at 517. Like chapter 12, subchapter V's discharge provisions apply equally to corporate and individual debtors.

---

[6] The difference is that § 1228(a) refers to debt "of *a* kind specified," while § 1192(2) refers to debt "of *the* kind specified." (emphasis added). I agree with the *Cleary* court that this difference inconsequential. *Cleary*, 36 F.4th at 516 n.2.

15

Though *JRB Consolidated* discussed how chapter 11 discharge differs from chapter 12 discharge, the case was decided before the Small Business Reorganization Act was passed. The Small Business Reorganization Act changed the effect of confirming a plan under chapter 11 for small business debtors. The act says that if the plan confirmed is nonconsensual, "section 1141(d) of this title *shall not apply*, except as provided in section 1192 of this title." § 1181(c) (emphasis added). In turn, § 1192 states that the court "shall grant the debtor a discharge of all debts provided in section 1141(d)(1)(A) of this title, and all other debts allowed under section 503 of this title," *except* any debt where the last payment is due after the first three years of the plan *or* "of the kind specified in section 523(a) of this title." § 1192.[7]

Congress made a choice to change bankruptcy proceedings for small business debtors and chose to treat individual and corporate debtors the same. To hold that § 523(a) only applies to individuals discharging debt under § 1192 ignores the purposeful change Congress made to the statutory language.

The Small Business Reorganization Act enacted a provision that changes certain types of chapter 11 discharge procedures and mirrors the language of chapter 12 discharge. *See JRB Consol.*, 188 B.R. at 374; 11 U.S.C. §§ 1228(c)(2), 1192(2). As the bankruptcy court reasoned in *JRB Consolidated*, "[i]t would be a stretch to try to fit the § 523(a) language into [§ 1192] and redefine what it meant by the term 'debtor.'" *JRB Consol.*, 188 B.R. at 374. The provisions should be interpreted the same

---

[7] The reference to § 1141(d) in § 1192 is to the kind of debt provided in § 1141(d)(1)(A)—"any debt that arose before the date of such confirmation, and any debt of a kind specified in section 502(g), 502(h), or 502(i) of this title." § 1141(d)(1)(A).

16

way, and the exceptions to discharge in § 523(a) apply to both individual and corporate debtors.

R & W Clark argues that reading the statutes this way would cause § 523(a)'s preamble to be superfluous. [13] at 21–23; *see also In re Off-Spec Sols.*, 651 B.R. at 867. It argues that the interpretation applying the statute to both corporations and individuals creates a "positive repugnancy" that results in § 523(a) having no effect under § 1192. [13] at 22–23. This argument "has some force," *GFS Indus.*, 99 F.4th at 229, because in general, courts should "seek to construe Congress's work 'so that effect is given to all provisions, so that no part will be inoperative or superfluous, void or insignificant.'" *Ysleta Del Sur Pueblo v. Texas*, 596 U.S. 685, 698–99 (2022) (quoting *Corley v. United States*, 556 U.S. 303, 314 (2019)). But the "preference for avoiding surplusage constructions is not absolute." *Lamie v. U.S. Tr.*, 540 U.S. 526, 536 (2004); *see also Chickasaw Nation v. United States*, 534 U.S. 84, 94 (2001) (noting the preference "is sometimes offset by the canon that permits a court to reject words 'as surplusage' if 'inadvertently inserted or if repugnant to the rest of the statute'").

Contrary to R & W Clark's argument, reading "debt of the kind" in § 1192(2) to refer to the listed debts and not the preamble does not deprive § 523(a) of having an effect under § 1192. [13] at 22–23. While that reading does not give effect to the preamble, it does give effect to the list of debts in § 523(a) in a § 1192(2) discharge—what the plain text of § 1192 provides. This is not a repugnancy.

Moreover, section 1141(d)(6) excepts from discharge debts listed in § 523(a)(2)(A) and (B)—if the word "individual" in § 523's preface "control[s] all the

17

cross-referenced statutes, that would erase the corporate debtor discharge exceptions in § 1141(d)(6)." *GFS Indus.*, 99 F.4th at 230. Thus, even if the language is superfluous, reading the statute otherwise would "void" chapter 11's general discharge provision and change the plain meaning of § 1192(2). *Ysleta Del Sur Pueblo*, 596 U.S. at 698–99. Finally, Congress added § 1192 to § 523(a)'s preamble by conforming amendment. *GFS Indus.*, 99 F.4th at 229. It would be a "radical—but entirely implicit—change" to the effect of § 1192(2) to change "kind of debt" to, in effect, "kind of debtor." *Id.* (quoting *Cyan, Inc. v. Beaver Cnty. Emps. Ret. Fund*, 583 U.S. 416, 431 (2018)). "It is unlikely Congress would have done such a thing through a cross-reference in a 'mere conforming amendment.'" *Id.* (quoting *Cyan, Inc.*, 583 U.S. at 431). The potential "voiding" of other statutory provisions and unlikely change to the statute's language via a conforming amendment "offset" the presumption against surplusage. *Chickasaw Nation*, 534 U.S. at 94. The "most natural reading" of § 1192(2) applies the exceptions to discharge in the paragraphs of § 523(a) to both corporate and individual debtors. *GFS Indus.*, 99 F.4th at 228.

18

## IV. Conclusion

The bankruptcy court's decision is reversed, and the case remanded for further proceedings. Enter judgment and terminate case.

ENTER:

                                                  Manish S. Shah
                                                  United States District Judge

Date: November 14, 2024

19